UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                            Case No. 8:09-bk-11551-MGW
                                                                                            Chapter 13

Randy L. Jones,

        Debtor.
_____/

**MEMORANDUM OPINION
AND ORDER OVERRULING OBJECTION TO
REASONABLENESS OF ATTORNEY'S FEES
AND APPROVING COMPROMISE**

Under the "person aggrieved" doctrine adopted by the Eleventh Circuit, standing to object to approval of a settlement is limited to persons directly and adversely affected pecuniarily by the settlement. In this case, the Chapter 13 Trustee objects to the reasonableness of negotiated attorney's fees provided for in the settlement agreement. The Chapter 13 Trustee represents the interests of creditors, all of whom are to be paid in full through the plan, and therefore, is not pecuniarily affected by the distribution of the settlement funds. Under this set of circumstances, the Court concludes that the Chapter 13 Trustee does not have standing to object to the reasonableness of the attorney's fees. And the Court is not inclined to *sua sponte* review the reasonableness of the fees in this case given the Debtor's role as a "private attorney general" in enforcing a law protecting consumers. Accordingly, the Chapter 13 Trustee's Objection[1] is overruled, and the Motion to Approve Compromise[2] is granted.

**Procedural Background**

Approximately two-and-a-half years after the Debtor confirmed his chapter 13 plan, the Debtor brought an action in United States District Court under the Florida Consumer Collection

---

[1] Doc. No. 46.
[2] Doc. No. 45.

Practices Act ("FCCPA")[3] and the Telephone Consumer Protection Act[4] against Bank of America (the "Defendant"). Upon learning of the Debtor's pending chapter 13 case, the District Court transferred the case to this Court for further proceedings. After the case was transferred to this Court, the Debtor and the Defendant reached a compromise of the adversary proceeding. They have now moved for court approval of the compromise.[5]

The principal terms of the settlement are that the Defendant will pay the total amount of $21,880 in settlement of the action. From this amount, the Debtor will receive $3,000, and the Debtor's attorneys will receive $18,880. The $3,000 payable to the Debtor will be sufficient to pay the remaining balance owed under the Debtor's chapter 13 plan.

The Chapter 13 Trustee objects to the compromise based on the disproportionate amount of settlement funds going to the attorneys— approximately 86%. In response, the Debtor asserts that the Chapter 13 Trustee does not have standing to object to attorney's fees paid as part of a negotiated settlement in a case where the plan provides for full payment of creditors. The Debtor also asserts that negotiated settlements, including the negotiated settlement in this case, are not subject to a reasonableness standard. In any event, the Debtor claims that the negotiated attorney's fees are reasonable given the Debtor's role as a "private attorney general" in enforcing the consumer statutes that the claims for relief asserted in the action.

---

[3] Fla. Stat. §§ 559.55 – 559.785 (2010).

[4] 47 U.S.C. § 227 (2010).

[5] Doc. No. 45.

**Conclusions of Law**[6]

1. *The Chapter 13 Trustee Has No Standing*

In support of the Debtor's contention that the Chapter 13 Trustee has "no dog in this fight," the Debtor points out that the chapter 13 plan payoff amount is only $1,391.39. The plan is a 100% plan without any discounts from creditors, and will be paid 100% through the settlement funds. Because the Chapter 13 Trustee's role is to represent the interest of creditors, all of whom will be paid in full, the Chapter 13 Trustee does not have a pecuniary interest in the funds. Without a pecuniary interest in the funds, the Chapter 13 Trustee has no standing to object to the proposed distribution.

The law in the Eleventh Circuit governing standing to be heard is well established. The standard adopted by the Eleventh Circuit and every other circuit to consider the issue is that only a "person aggrieved" has standing to object to a bankruptcy order.[7] A "person aggrieved" is a party having a "direct and substantial interest in the question" before the court.[8] In a bankruptcy context, the "person aggrieved" doctrine restricts standing even more than Article III standing as it allows a person to be heard concerning a matter only when the person is "directly and adversely affected pecuniarily by the order."[9] This requires the person objecting to the order to

---

[6] The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

[7] *Westwood Cmty. Two Ass'n, Inc. v. Barbee* (*In re Westwood Cmty. Two Ass'n, Inc.*), 293 F.3d 1332, 1334 (11th Cir. 2002).

[8] *Id.* at 1335 (quoting *In re Odom*, 702 F.2d 962, 963 (11th Cir. 1983)).

[9] *Id.* (quoting *In re Troutman Enter., Inc.*, 286 F.3d 359, 364 (6th Cir. 2002)).

have a financial stake in the outcome.[10] A person has a financial stake when the order diminishes the person's property, increases the person's burdens, or impairs the person's rights.[11]

*In re Simmons* provides a good example of the application of this doctrine in a factually similar context.[12] In *Simmons*, the debtor became entitled to funds from a settlement of a personal injury case after filing a bankruptcy petition. Forty percent of the gross amount of the settlement was allocated to attorney's fees for the personal injury attorneys who negotiated the debtor's settlement. Under North Carolina law, proceeds from a personal injury case are exempt. Accordingly, the court overruled the chapter 7 trustee's objection to the debtor's claim of exemptions. Nevertheless, the chapter 7 trustee continued to contend that the award of 40% as attorney's fees was unreasonable compared to the 33.33% that the trustee deemed appropriate.[13]

In overruling the objection to the fees, the court noted that any additional funds derived from the reduced fees would be remitted to the debtor and not to the trustee based upon the applicable exemption. Therefore, the trustee had no pecuniary interest in the fees. And while chapter 7 trustees are generally considered "parties in interest" and have standing to object to the debtor's exemptions under Bankruptcy Rule 4003(b), the trustee would have no standing to object to the fees being paid from the exempt funds because the only parties to be affected by the objection would be the debtor and the debtor's non-bankruptcy attorneys.[14]

The reasoning set forth in the *Simmons* case is directly applicable to the Chapter 13 Trustee's objection to the attorney's fees in the case at hand. Because the creditors are being paid

---

[10] *Id.* (citing *In re Troutman*, 286 F.3d at 364).

[11] *Id.* (quoting *In re Troutman*, 286 F.3d at 364).

[12] *In re Simmons*, 2006 WL 3392943 (Bankr. M.D.N.C. Nov. 22, 2006).

[13] *In re Simmons*, 2006 WL 3392943 at *2.

[14] *Id*.

in full under the proposed compromise, the Chapter 13 Trustee does not have a pecuniary interest for the benefit of creditors. Consequently, the Chapter 13 Trustee lacks standing to object.

2. *The Court Will Not Sua Sponte Review the Reasonableness of the Fees in This Case*

Even though the Chapter 13 Trustee does not have standing to object to the fees, bankruptcy courts always have the inherent authority to sua sponte review the reasonableness of attorney's fees being charged by attorneys for the debtor.[15] This authority comes from sections 105 and 330 of the Bankruptcy Code, as well as Bankruptcy Rule 2017. Section 105 of the Bankruptcy Code directly provides the court with the power to sua sponte review attorney's fees regardless of whether an objection has been raised by a party.[16] Additionally, section 330 and Rule 2017 are designed to protect the debtor and creditors from an overreaching attorney. "[T]hese provisions [§ 329 and B.R. 2017] furnish the court with express power to review payments to attorneys for excessiveness...."[17]

Despite the Court's inherent authority to review the reasonableness of the attorney's fees in this case, the Court will decline to do so for two reasons. First, the funds are coming from the Defendant in the litigation as part of the settlement, not from the Debtor. Second, the claims for relief forming the basis of the action against the Defendant contemplate a "private attorney general" approach under which disproportionate fees are allowed.

Turning to the first basis for the Court's disinclination to review the fees, the Court notes that the Florida Consumer Collection Practices Act,[18] the primary statute the Debtor based his claim for relief under in the action against the Defendant, provides for statutory damages of

---

[15] *In re Lewis,* 113 F.3d 1040, 1045 (9th Cir. 1997); *see* 11 U.S.C. §§ 105, 330; *see also* Fed. R. Bankr. P. 2017.

[16] *Id.*

[17] *In re Lewis,* 113 F.3d at 1045 (citing *In re Walters*, 868 F.2d 665, 668 (4th Cir. 1989)).

[18] Fla. Stat. §§ 559.55 – 559.785 (2010).

$1,000 plus reasonable attorney's fees incurred by the plaintiff.[19] Of course, if the parties had failed to reach a settlement agreement, it would be up to the Court to determine "reasonable attorney's fees." However, that is not what occurred in this case. The parties did reach a settlement agreement. And, as part of that settlement, the Defendant agreed to pay the amount of fees being awarded to the Debtor's attorneys. The Court sees no reason to involve itself with the review of the reasonableness of the fees under this set of circumstances.

The second basis for the Court's disinclination to review the fees is based on the Debtor's role as a private attorney general in enforcing a law meant to protect consumers.[20] As stated in *In re Martinez*, a case arising under the analogous provisions of the Fair Debt Collection Practices Act ("FDCPA"),[21] "[g]iven the structure of § 1690k, attorney's fees should not be construed as a special or discretionary remedy; rather the [FDCPA] *mandates* an award of attorney's fees as a means of fulfilling Congress's intent that the [FDCPA] should be enforced by debtors acting as private attorneys general."[22]

Fee-shifting statutes, such as the one found in the Florida Consumer Credit Protection Act, ensure that lawyers will represent individuals with valid claims, despite a limited amount of potential damages.[23] As stated in *Renninger,* in consumer protection cases, "attorneys' fees need

---

[19] *Id.* at § 559.77(2).

[20] *In re Martinez,* 266 B.R. 523, 537 (S.D. Fla. 2001).

[21] 15 U.S.C. § 1692. In construing the FCCPA, courts are required to give due consideration to federal courts construing similar provisions in the FDCPA. *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 839 (11th Cir. 2010); Fla. Stat. § 559.77(5).

[22] *In re Martinez,* 266 B.R. at 537 (emphasis in original) (citing *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir. 1991)).

[23] *City of Riverside v. Rivera*, 477 U.S. 561, 578, 106 S. Ct. 2686 (1986).

not necessarily be awarded in proportion to the damages recovered."[24] Accordingly, Debtor's counsel in this case is entitled to disproportionate fees as a private attorney general under the Fair Debt Collection Practices Act.

**Conclusion**

Based on the foregoing, the Court concludes that (i) the Chapter 13 Trustee does not have standing to object to the reasonableness of attorneys' fees; and (ii) the Debtor's counsel is entitled to disproportionate fees based on the Debtor's role as a private attorney general under the Fair Debt Collection Practices Act. Accordingly, it is

**ORDERED**:

1. The Chapter 13 Trustee's Objection to Reasonableness of Attorney's Fees is OVERRULED.

2. The Motion to Approve Compromise is GRANTED.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on July 30, 2013.

Michael G. Williamson
United States Bankruptcy Judge

Attorney Thomas A. Lash is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

**Gus M. Centrone, Esq.**
**Lash & Wilcox, PL**
*Counsel for Debtor*

**M. Eric Barksdale, Esq.**
*Counsel for Terry E. Smith, Trustee*

---

[24] *Renninger v. Phillips & Cohen Assocs., Ltd.,* 2010 WL 3259417, * 3 (M.D. Fla. Aug. 18, 2010) (citing *Homa v. Am. Express Co.,* 558 F.3d 225, 234 (3d Cir. 2009); *Williams v. First Gov't Mortgage & Investors Corp.,* 225 F.3d 738, 747 (D.C. Cir. 2000); *Yohay v. City of Alexandria Employees Credit Union Inc.,* 827 F.2d 967, 974 (4th Cir. 1987)).